Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9085 | **DATE** | 8/30/2001 |
| **CASE TITLE** | DONNIE RAY FISHER vs. MICHAEL SHEAHAN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/20/02 at 9:30A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the motion to dismiss is granted as to defendants Sheahan and Troka and the motion is denied as to defendant Officer Lovejoy [9-1]. This case now proceeds against Officer Lovejoy only, on the failure to protect claim. All other claims are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | SEP 09 200_ | | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | | |
| | Copy to judge/magistrate judge. | | | | |
| TBK | courtroom deputy's initials | 02 SEP -6 AM 9:29 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONNIE RAY FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 01 C 9085 |
| ) | |
| MICHAEL SHEAHAN, ET AL., ) | Judge Ronald A. Guzmán |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Donnie Ray Fisher, #1999-0060693, currently a pretrial detainee at the Cook County Jail, brought this pro se civil rights action pursuant to 28 U.S.C.§ 1983. He claims that the defendants, Sheriff Michael Sheahan, Superintendent Troka and Officer Lovejoy, violated his constitutional rights by failing to protect him from harm caused by other inmates. This matter is before the Court for consideration of the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is granted in part and denied in part.

### BACKGROUND

Plaintiff claims that on December 30, 1999, while he was a detainee in the Cook County Jail, defendant Officer Lovejoy was informed that other inmates took plaintiff's commissary from him. Shortly thereafter, Plaintiff was stabbed by these inmates. Then, with the assistance of 16-18 officers, Officer Lovejoy lined up the inmates involved and Plaintiff remained on the floor due to his wounds. Then, he too was ordered to line up. At that time two to three inmates

1

came off the wall and stabbed him again.[1] Plaintiff further alleges that Sheriff Sheahan was responsible for these attacks because he is the person in charge of the jail and jail security and he failed to maintain security because he allowed materials to be stolen from the sanitation areas from which inmates could make "homemade knives." Additionally, he states that Officer Lovejoy wrote a fabricated disciplinary report stating that Plaintiff was involved in gang activity and that Plaintiff was throwing "milk, crates, punches and trays," and that Officer Lovejoy failed to state how and when he retrieved all the homemade knives. Regarding defendant Superintendent Troka, he states only that this defendant did not properly respond to his grievances.

## STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the Court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as

---

[1] Plaintiff fails to allege whether the weapons used in the second attack were the same as in the first attack or were different weapons, or even whether the weapons from the first attack had been collected by the officers prior to lining the inmates up on the wall.

2

true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Units,* 507 U.S. 163 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir. 1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir. 1996); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439-40 (7th Cir. 1994). Furthermore, the Court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Serv.,* 29 F. 3d 280, 284 (7th Cir. 1984).

## DISCUSSION

Defendants' motion is divided into two parts: supervisory defendants Sheahan and Troka have no personal involvement with the claims and should therefore be dismissed; Officer Lovejoy did not have notice of the danger to Plaintiff and therefore was not deliberately indifferent to his need to be protected from the other inmates. The Court addresses each defense in turn.

1) Supervisory Defendants

Neither Sheahan nor Troka had any involvement in the incident that is the subject of this lawsuit. Defendant Sheahan is the Sheriff of Cook County, and is not involved in the day to day running of the jail. Defendant Troka is mentioned in the complaint only because he did not respond to Plaintiff's grievance about this incident. Thus, neither defendant is alleged to have participated in or known about the attack on Plaintiff.

Liability under 42 U.S.C. § 1983 requires personal involvement; the defendant must have

3

acted or failed to act with a deliberate or reckless disregard of the plaintiff's constitutional rights, or others' actions violating the plaintiff's rights must have occurred at his direction or with his knowledge and consent. *Black v. Lane*, 22 F. 3d 1395, 1401 (7th Cir. 1994); *Gentry v. Duckworth*, 65 F. 3d 555, 561 (7th Cir. 1995). An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Peters*, 97 F. 3d 987, 991 (7th Cir. 1996); *Rascon v. Hardiman*, 803 F. 2d 273 (7th Cir. 1986). Supervisors and others in authority cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of *respondeat superior* because that doctrine does not apply in §1983 actions. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *see Jones v. City of Chicago*, 856 F. 2d 985, 992 (7th Cir. 1988). Supervisory responsibility of a warden is not sufficient to establish personal liability for an isolated failure of a subordinate to carry out prison policies, unless the subordinate acted or failed to act based on his instructions. *Steidl v. Gramley*, 151 F. 3d 739 (7th Cir. 1998). Plaintiff may feel that defendant Sheahan "should have known" about the problem with homemade knives generally, but even such knowledge is insufficient to state a claim against him. *Pacelli*, 972 F. 2d at 875, 878 (7th Cir. 1992). Plaintiff has not alleged that the violation of his rights occurred at defendant's direction or with his knowledge and consent. As neither of these defendants had any involvement with the incident, nor did it occur with their knowledge or consent, therefore all claims against them in their individual capacity are dismissed.

Further, Plaintiff claims that he is suing them in their official capacity. As defendants correctly point out, Plaintiff has not alleged an unconstitutional custom, policy or practice, necessary for such a claim. *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 694 (1978).

4

Rather, Plaintiff attempts to use a *respondeat superior* approach, expressly rejected in *Monell* and its progeny. If indeed materials for homemade weapons are readily available at the jail, this is a serious security problem which should be addressed. However, the fact that these inmates in this instance had homemade weapons, does not mean that the sheriff has a policy or practice of allowing such weapons to exist. Rather it is an indication of the dangerousness of jails generally, where even ordinary cleaning supplies, as Plaintiff alleges, can be used to create dangerous weapons. All claims against both Sheahan and Troka in their official capacities are dismissed.

2) Officer Lovejoy

a) Notice as to First Stabbing

Prison officials have a duty to ensure the safety of inmates from the violent acts of other inmates. *Farmer v. Brennan*, 511 U.S. 825(1994); *Soto v. Johansen*, 137 F. 3d 980,981(7th Cir. 1998). A prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F. 3d 90,91 (7th Cir. 1996)(quoting *McGill v. Duckworth*, 944 F. 2d 344, 349 (7th Cir. 1991). Mere negligence is insufficient to state a claim for deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986). It is also not enough to show that the prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F. 3d 1206, 1208 (7th Cir. 1995). Here, prior to the first stabbing, Plaintiff states only that he told Officer Lovejoy that some inmates stole his commissary. This is certainly not sufficient notice to Officer Lovejoy that plaintiff was about to be attacked. Proper notice would require at a minimum that he told the officer that he was about to be attacked. Officer Lovejoy had no notice of this imminent attack and was thus not deliberately indifferent to protecting Plaintiff from this first attack. However, the inquiry does

5

not end here, as Plaintiff was attacked a second time.

b) Notice as to Second Stabbing

Prison or jail officials have an obligation to protect prisoners from one another, *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *see also McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Plaintiff's complaint must allege that he was exposed to a substantial risk of serious harm to which Defendant was deliberately indifferent. *Zarnes*, 64 F.3d at 290. This Court has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell v. Figel*, 950 F. 2d 1285, 1290 (7th Cir. 1991).

> " In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. *Compare Brownell*, 950 F. 2d at 1291(applying a subjective standard in the Fourteenth Amendment context) *with Farmer*, 511 U.S. at 837 (applying a subjective standard in the Eighth Amendment context.)"

*Qian v. Kautz*, 168 F. 3d 949, 955-56 (7th Cir. 1999).

Plaintiff states that after the first attack, Officer Lovejoy and 16-18 other officers had the inmates stand against the wall, and then had Plaintiff stand against the wall. Plaintiff fails to give any indication about whether any of the weapons used in the first attack had been confiscated at that time, or whether when the second stabbing occurred, it was with the same weapons, or with

6

additional weapons, or how quickly this attack occurred after the inmates were lined up. Reading the complaint in the light most favorable to the Plaintiff, he has met the general notice pleading standards of this Court, as it appears that Officer Lovejoy was either negligent or deliberately indifferent to Plaintiff's need for protection, depending on what a more thorough presentation of the facts might show. At this point, it is impossible for the Court to rule out that Officer Lovejoy might have known that the weapons were still available and that he intentionally left them out so that Plaintiff could be re-attacked. It is also possible that he was merely negligent in the way that he handled the incident, and indeed, it is also possible that one or all of the other 16-18 officers were somehow involved in determining who had access to the weapons used in the second attack. As Plaintiff's complaint leaves open at least these possibilities and likely others as well, therefore, the Court cannot determine at this stage that Officer was not deliberately indifferent to Plaintiff's need for safety regarding the second attack. *See Peate v. McCann,* 2002 WL 1363782 (7th Cir. June 25, 2002).

3) All remaining claims

To the extent that Plaintiff has attempted to challenge the disciplinary action taken against him based on Officer Lovejoy's report, he has failed to state a claim. The Supreme Court has held that a claim to invalidate a conviction in a prison disciplinary proceeding, which is implied by plaintiff's claim that Officer Lovejoy's report was wrong, may not be brought under 42 U.S.C. § 1983 unless and until the disciplinary conviction has been overturned through state remedies or a federal writ of habeas corpus. *Edwards v. Balisok,* 520 U.S. 641, 645-48 (1997); *see also Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Stone-Bey v. Barnes,* 120 F. 3d 718, 721 (7th Cir.

7

1997). Plaintiff has failed to indicate that his disciplinary conviction has been overturned. Thus, any claim regarding his disciplinary matter is dismissed.

## CONCLUSION

It is therefore ordered that the motion to dismiss is granted as to defendants Sheahan and Troka and the motion is denied as to defendant Officer Lovejoy[doc. no.9-1]. This case now proceeds against Officer Lovejoy only, on the failure to protect claim. All other claims are dismissed.

E N T E R:

Ronald A. Guzmán
UNITED STATES DISTRICT COURT

DATED: 8/30/01